OTT, Acting Chief Judge.
Appellant, a surviving spouse, appeals an order of the trial court which denied her objections to the personal representative’s petition for discharge, final accounting, and plan of distribution. Her basis for objection was section 733.805(2), Florida Statutes (1983), which provides for preferential treatment to a surviving spouse when applying the rules of abatement. We hold that appellant, by virtue of a prenuptial agreement and her deceased husband’s will, is not entitled to the preferential treatment granted by the statute; therefore, we affirm the trial court’s order.
Appellant and Frank C. Hayes (testator) entered into a prenuptial agreement on November 17, 1977, which provided in pertinent part:
2. AGREEMENT BETWEEN PARTIES. Pursuant to the purpose and intent of the parties as above stated, the parties agree as follows:
(A) Each of the parties forever waives, releases, and relinquishes any right, or claim of any kind, character, or nature whatsoever, which either may have or shall have in and to the estate, property, assets, or other effects of the other under any present or future law of the State of Florida or any other state or of the United States, and each of the parties forever waives, releases, and relinquishes any right or claim which he or she now has or may have, pursuant to the provisions of Section 732.201 of the Probate Code of the State of Florida, as such section now exists or may hereafter be amended, or pursuant to any present or future law of any state or of the United States to elect to *305 take in contravention of the terms of any Last will of the other, including any last will now executed or which may be executed or which may be executed hereafter or any disposition of property made by the other during his or her lifetime or otherwise.
Each of the parties shall refrain from any action or proceeding which may tend to avoid or nullify to any extent or in any particular the terms of any such last will of the other.
On July 13,1983, testator executed a will which provided in pertinent part:
III
I hereby make the following specific bequests of property, if owned by me at the time of my death:
a) $5,000 (Five Thousand and no/100) Dollars to my wife, DELLA A. HAYES. I am making no other provision for my said wife, DELLA A. HAYES, not out of lack of love or affection, but because we have entered into a Pre-Nuptial Agreement dated November 17, 1977, setting forth terms and conditions relating to each others alternate estates.
Testator made four more specific bequests, one to a stepson and three to his sons, which totalled $13,000.00. The will also provided that eight grandchildren were the residual beneficiaries.
Paragraph IV of the will further provided, in pertinent part: “All provisions of the said Pre-Nuptial Agreement (paragraph 111(a) are hereby reaffirmed wherein they are consistent with the terms and conditions of this Will.”
The will is silent on abatement priorities.
Testator died on August 17, 1983. The final accounting filed by the personal representative revealed only $4,004.90 in assets available for distribution to the beneficiaries. The plan of distribution provided:
DISTRIBUTION IN ACCORDANCE WITH WILL:
Della A. Hayes, 5/18 (27.77%) $ 1,112.45
James Hawkinson, 3/18 (16.67%) 667.50
Frank R. Hayes, 3/18 (16.67%) *• ? 667.50
Robert J. Hayes, 5/18 (27.77%) 1,112.45
James E. Hayes, 2/18 (11.12%) 445.00
TOTAL PRORATED BEQUEST: $ 4,004.90
Appellant filed an objection to the personal representative’s petition for discharge, final accounting, and plan of distribution. She claimed that under section 733.805(2), she was entitled to the entire remaining distributable estate. The trial court denied appellant’s motion on her objections and this timely appeal followed.
Section 733.805(2) grants preferential treatment to a surviving spouse when applying rules of abatement where the available distributable assets are insufficient to satisfy all the bequests to members of a class of specific devisees. It provides in pertinent part: “Devises to the decedent’s surviving spouse, given in satisfaction of or instead of, the surviving spouse’s statutory rights in the estate, shall not abate until other devises of the same class are exhausted. [Emphasis added.]” Thus, in order for appellant’s devise to come under the protection of the statute, it would have to have been given “in satisfaction of, or instead of” her statutory rights in her deceased husband’s estate. A review of the will reveals a contrary intent.
Testator gave appellant a specific bequest of $5,000.00. He made no other provision for appellant, his wife, “because we have entered into a Pre-Nuptial Agreement dated November 17, 1977, setting forth terms and conditions relating to each others alternate estates.” Paragraph IV of the will reaffirms the terms of the prenuptial agreement consistent with the will. It is clear from the will that testator did not intend to revoke or to have the will supersede the terms of the prenuptial agreement by which appellant and testator relinquished all statutory claims to each other’s estates. It is also clear that while testator wanted to give appellant a part of his estate, he did not want her to have the bulk of it or a share that one commonly leaves to a spouse.
*306 Accordingly, because appellant entered into a prenuptial agreement by which she relinquished all claims to testator’s estate and because testator’s will did not repudiate the terms of the prenuptial agreement, we hold that appellant’s devise was not given “in satisfaction of, or instead of,” her statutory rights in her deceased husband’s estate; therefore, her devise does not come within the purview of section 733.805(2), but instead abates ratably along with the other specific devises.
AFFIRMED.
LEHAN and HALL, JJ., concur.